**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FRANCISCO DEJESUS, *et al.*,

                Plaintiffs,

     - v -                                    Civ. No. 9:18-CV-372
                                                       (GTS/DJS)

ANTHONY ANNUCCI, *et al*.,

                Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| PRISONERS' LEGAL SERVICES OF NEW YORK<br>Attorney for Plaintiffs<br>114 Prospect Street<br>Ithaca, New York 14850 | ALISSA R. HULL, ESQ. |
| PRISONERS' LEGAL SERVICES OF NEW YORK<br>Attorney for Plaintiffs<br>24 Margaret Street, Suite 9<br>Plattsburgh, New York 12901 | MICHAEL E. CASSIDY, ESQ. |
| BARBARA D. UNDERWOOD<br>New York State Attorney General<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | RYAN L. ABEL, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER OF SUBSTITUTION

Plaintiff Francisco DeJesus, through his counsel, commenced this action pursuant to 42 U.S.C. § 1983 along with his co-Plaintiffs on March 27, 2018. Dkt. No. 1, Compl. The Complaint alleges violations of Plaintiff's constitutional rights. *Id.* An Amended Complaint

was then filed. Dkt. No. 17. Defendants have filed a Motion to Dismiss the Amended Complaint. Dkt. No. 25.

Mr. DeJesus passed away on June 19, 2018. Dkt. No. 27-1 at ¶ 5. Mr. DeJesus' daughter, Yolanda Keyes, has been appointed as a legal representative of the Estate of Francisco DeJesus by the Surrogate's Court of the State of New York. *Id.* at ¶¶ 6-7. She now moves to be substituted into the case pursuant to FED. R. CIV. P. 25(a). Dkt. No. 27. Defendants do not oppose the Motion. Dkt. No. 30.

The Federal Rules govern the procedure for substitution following a party's death, even where the court must apply state substantive law. *Servidone Constr. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir. 1998). Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, substitution of parties in a civil action may be allowed upon the death of a named party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successors or representative. If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, under Rule 25(a)(1), substitution is proper when three elements are met: (1) the party sought to be introduced into the litigation is a "proper" one; (2) the motion is made in a timely manner; and (3) the claim asserted survives the death of the party and is not extinguished by that event.

As to the first, the proper party is either "the successor of the deceased or the

representative of his estate." *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). For purposes of substitution, a representative is determined by the forum state's law, and New York defines "a representative [a]s a person who has received letters to administer the estate of a decedent . . . [and] is usually either the appointed administrator or executor of the decedent's estate." *Id.* Ms. Keyes, as administratrix of the Estate of Francisco DeJesus, is therefore the proper party to make the present Motion for Substitution.

Next the Motion for Substitution is timely, as it was filed simultaneously with the Suggestion of Death. Dkt. No. 27.

The final issue to be determined is whether Plaintiff's claims survive Mr. DeJesus' death. The Court finds that they do. Numerous courts have found that although section 1983 itself does not address the issue of whether claims survive a plaintiff's death, such claims do in fact survive because such a claim would survive under New York state law. *See, e.g., Crichlow v. Fischer*, 2015 WL 678725, at *4 (S.D.N.Y. Feb. 17, 2015) (citing cases); *Chobot v. Powers*, 169 F.R.D. 263, 265-66 (W.D.N.Y. 1996); *Campos v. Weissman*, 2009 WL 7771872, at *4 (N.D.N.Y. Sept. 10, 2009), *report and recommendation adopted*, 2011 WL 1204839 (N.D.N.Y. Mar. 29, 2011).

**WHEREFORE**, it is hereby

**ORDERED**, that the Motion to Substitute Yolanda Keyes (Dkt. No. 27), as Administratrix, for her deceased father Francisco DeJesus, as a Plaintiff in this action, is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court shall substitute Yolanda Keyes, as the Plaintiff on the docket for purposes of pursuing Plaintiff Francisco DeJesus' claims in her capacity as Administratrix of the Estate of Francisco DeJesus; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order of Substitution upon the parties to this action.

**IT SO ORDERED**.

Date: December 28, 2018
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge