UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YOLANDA KEYES, Administratrix of the Estate
of FRANCISCO DEJESUS; HEZRON
EMERENCIANO and RASHAD SCOTT,

                      *Plaintiffs*,

-against-

DONALD VENETTOZZI, Director Special
Housing and Inmate Discipline; MICHAEL
DIXON, Sergeant; JEFFERY ROCK, Lieutenant;
EARL BELL, Deputy Superintendent of Security;
JERRY KOWALOWSKI, Recreation Program
Leader; and RICHARD HOUCK, Transfer
Coordinator,

                      *Defendants*.

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISCONTINUANCE
PURSUANT TO RULE 41(a)**

Civ. No. 18-372
(GTS)

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiffs, Yolanda Keyes, Administratrix of the Estate of Francisco DeJesus, and Hezron Emerenciano (collectively "Plaintiffs"), and Defendants, Michael Dixon, Jeffery Rock and Jerry Kowalowski (collectively "Defendants"), parties to the above-entitled action (the "Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this Action, the Action be and the same hereby is settled on the particular circumstances of this Action, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this Action or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiffs hereby discontinue this action, inclusive of all outstanding substantive claims, with prejudice and without damages, costs, interest or attorney's fees, under the conditions described in Paragraph 4 of this agreement, as against Defendants (including all former Defendants) and the State of New York,

including its agencies, subdivisions, employees, private contractors or assignees, and release same of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agree to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions. The settlement of this action is limited to the circumstances in this case, including the remaining substantive claims, alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being so ordered by the Court, Defendants shall cause to be paid to Plaintiffs the sum of TEN THOUSAND DOLLARS ($10,000.00) in full settlement of any and all claims, which amount includes all sums to which Plaintiffs are entitled, including but not limited to damages, costs, and attorney's fees. The above amount shall be paid as follows:

(A) A check in the amount of $4,000.00, payable to Yolanda Keyes, as Administratrix of the Estate of Francisco DeJesus, c/o Prisoners' Legal Services of New York, 114 Prospect Street, Ithaca, New York 14850;

(B) A check in the amount of $1,000.00, payable to Prisoners' Legal Services of New York, 114 Prospect Street, Ithaca, New York 14850; and

(C) A deposit in the amount of $5,000.00, into the facility account of Incarcerated Individual Hezron Emerenciano (DIN 19A2559), Five Points Correctional Facility, 6600 State Route 96, Caller Box 119, Romulus, New York 14541.

5. These settlement payments shall be made in full satisfaction of any and all claims, costs or fees. In full consideration of the payment of the sums set forth above, Plaintiffs hereby release Defendants and any and all current and former employees or agents of the DOCCS in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and the DOCCS from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the operative complaints in the Action, including but not limited to claims relating to or arising out of any alleged violation of Plaintiffs' constitutional rights, and all other causes of action and claims of liability.

6. Payment by Defendants of the amount specified in Paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiffs agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment. Such documentation will be mailed to counsel for Plaintiffs by agents of Defendants responsible for the administrative processing of the settlement paperwork.

7. Payment of the amount in Paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiffs and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. This stipulation shall be null and void if the approvals referred to in Paragraph 6 are not obtained, and the actions shall then be placed back on the active docket without prejudice.

9. In the event that the terms of Paragraph 6 are satisfied, but payment is not made within the 120-day or 150-day period set forth in Paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the or 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiffs.

10. Plaintiffs represent and warrant that they are not Medicare recipients, that they have never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that they do not expect to be Medicare recipients within the next thirty (30) months.

11. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

12. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
      August 26, 2022

**LETITIA JAMES**
Attorney General
State of New York

By: _____
Jorge A. Rodriguez, Esq.
Assistant Attorney General

*Counsel for Defendants*
Bar Roll No. 516423
The Capitol
Albany, NY 12224

Dated: Ithaca, New York
      August 24, 2022     By: *Hallie E. Mitnick* (signature)
_____
Hallie E. Mitnick, Esq.
Prisoners' Legal Services of New York
*Counsel for Plaintiffs*
114 Prospect Street
Ithaca, New York 14850

Dated: _____, New York
      August ____, 2022     By: _____
Yolanda Keyes, Administratrix of the Estate of Francisco DeJesus
*Plaintiff*
c/o Prisoners' Legal Services of New York
114 Prospect Street
Ithaca, New York 14850

Dated: _____, New York
      August _____, 2022     By: _____
Hezron Emerenciano (DIN 19A2559)
Five Points Correctional Facility
*Plaintiff*
6600 State Route 96
Caller Box 119
Romulus, New York 14541

Dated: Syracuse, New York

      _____, 2022

   SO ORDERED:

_____
**HON. GLENN T. SUDDABY**
UNITED STATES DISTRICT JUDGE

*Counsel for Defendants*
Bar Roll No. 516423
The Capitol
Albany, NY 12224

Dated: _____, New York
      August ____, 2022

By: _____
Hallie E. Mitnick, Esq.
Prisoners' Legal Services of New York
*Counsel for Plaintiffs*
114 Prospect Street
Ithaca, New York 14850

Dated: **Buffalo**, New York
      August **26**, 2022

By: *Yolanda Keyes*
Yolanda Keyes, Administratrix of the Estate of Francisco DeJesus
*Plaintiff*
c/o Prisoners' Legal Services of New York
114 Prospect Street
Ithaca, New York 14850

Dated: _____, New York
      August ____, 2022

By: _____
Hezron Emerenciano (DIN 19A2559)
Five Points Correctional Facility
*Plaintiff*
6600 State Route 96
Caller Box 119
Romulus, New York 14541

Dated: Syracuse, New York

    _____, 2022

    SO ORDERED:

_____
**HON. GLENN T. SUDDABY**
UNITED STATES DISTRICT JUDGE

*Counsel for Defendants*
Bar Roll No. 516423
The Capitol
Albany, NY 12224

Dated: _____, New York
      August \_\_\_\_, 2022

By: _____
Hallie E. Mitnick, Esq.
Prisoners' Legal Services of New York
*Counsel for Plaintiffs*
114 Prospect Street
Ithaca, New York 14850

Dated: _____, New York
      August \_\_\_\_, 2022

By: _____
Yolanda Keyes, Administratrix of the Estate of
Francisco DeJesus
*Plaintiff*
c/o Prisoners' Legal Services of New York
114 Prospect Street
Ithaca, New York 14850

Dated: Romulus, New York
      August 19, 2022

By: *(signed)* #19A2559
Hezron Emerenciano (DIN 19A2559)
Five Points Correctional Facility
*Plaintiff*
6600 State Route 96
Caller Box 119
Romulus, New York 14541

Dated: Syracuse, New York

      September 6, 2022

SO ORDERED:

*(signed)*
Glenn T. Suddaby
U.S. District Judge

Page 5 of 5